13-2331 (L); 14-2766 (Con), 14-4756 (Con), 14-4768 (Con), 15-161 (Con)
United States v. Mayes

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
                    CHESTER J. STRAUB,
                    RAYMOND J. LOHIER, JR.,
                           *Circuit Judges.*
------------------------------------------------------------------

UNITED STATES OF AMERICA,

                                    *Appellee,*

                 v.                                                      No. 13-2331 (L)

ANTHONY MAYES, JR.,
ANTOINE MAYES,

                           *Defendants-Appellants.**
------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the case caption as set forth above.

FOR APPELLEE: ALICYN L. COOLEY (Susan Corkery, Berit W. Berger, Richard M. Tucker, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT
ANTOINE MAYES: LAWRENCE D. GERZOG (Jeremy Gutman, *on the brief*), New York, NY.

FOR DEFENDANT-APPELLANT
ANTHONY MAYES, JR: Anthony Mayes, Jr., pro se, Jonesville, VA.

Appeal from judgments of the United States District Court for the Eastern District of New York (Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Defendants Antoine Mayes and Anthony Mayes, Jr. each appeal two judgments of conviction.[1]  Antoine Mayes appeals (1) a May 31, 2013 judgment of the District Court (Ross, J.) convicting him, after a guilty plea, of seven counts of distributing and possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and (2) a January 14, 2015 judgment convicting

---

[1] On May 9, 2016, Anthony Mayes moved to withdraw certain appeals.  We denied his motion on May 13, 2016.  See United States v. Mayes, No. 13-2331-cr (2d Cir.), ECF Docket No. 243.

him, after a jury trial, of several racketeering and drug charges in violation of, inter alia, 18 U.S.C. § 1962(c).   Anthony Mayes, Jr. appeals (1) a December 24, 2014 judgment convicting him, after a jury trial, of possessing a firearm after a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1), and (2) another December 24, 2014 judgment convicting him, after a subsequent jury trial, of several racketeering and drug charges.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

　　　1.   Antoine Mayes

　　We briefly address only two of Antoine Mayes's several arguments in support of reversing his convictions.   First, he argues that the Government failed to prove that the racketeering enterprise existed for the length of time charged in the indictment.   Based on the trial testimony, a reasonable jury could find that the enterprise existed "in an essentially unchanged form during substantially the entire period charged in the indictment."   5.13.14 Trial Tr. 33; see generally United States v. Eppolito, 543 F.3d 25, 49 (2d Cir. 2008).   Second, he asserts that the evidence was insufficient to convict him of possessing a machinegun in furtherance of a racketeering enterprise.   Again, our review of the trial record

3

confirms that a reasonable jury could find that Antoine Mayes possessed a machinegun in furtherance of the racketeering enterprise, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).   **[GA17]**

    2.   <u>Anthony Mayes, Jr.</u>

Anthony Mayes, Jr. argues that the District Court should have suppressed wiretap evidence used against him in both trials, because (1) inconsistencies between the trial testimony of the FBI Special Agent who prepared the affidavit supporting the wiretap application and a later stipulation by the Government suggested that the agent must have lied in the affidavit; and (2) the affidavit did not establish the necessity of the wiretap.   We reject the arguments because (1) a confidential informant testified in a way that supported the agent's affidavit, and (2) the affidavit adequately detailed the Government's prior traditional investigative efforts, why they fell short, and why a wiretap was necessary.

We have considered all of the defendants' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgments of the District Court are AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court